IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00178-SBP

ANA MCCARTHY,

      Plaintiff,

v.

GABRIEL CLAGUE,
SAMANTHA CLAGUE, and
JOHN CLAGUE, et al.,

      Defendants.

---

ORDER

---

This matter is before the Court on several motions and other papers filed by Plaintiff, Ana McCarthy. Ms. McCarthy alleges she is a resident of New York. She initiated this action on January 22, 2024, by filing *pro se* a Complaint (ECF No. 1). The Complaint was filed under seal pursuant to D.C.COLO.LCivR 7.2. Later that same day, Ms. McCarthy filed a Motion to Seal and Restrict (ECF No. 8) that was entered on the Court's docket on January 25, 2024. On January 24, 2024, Ms. McCarthy filed a Public Notice of Motion to Restrict (ECF No. 9), an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 10), a document captioned Consent Motion for Leave to File Amended Complaint (ECF No. 11), and various random exhibits (ECF No. 12) that were filed under seal. On January 26, 2024, Ms. McCarthy submitted a Motion to Disclose Action in New York Under Seal (ECF No. 13) and additional random exhibits (ECF No. 15) that were filed under seal. On January 29, 2024, Ms. McCarthy submitted what appears to be a second set of the same exhibits

1

previously submitted on January 26. (*See* ECF No. 16.) The documents filed on January 24 and 26 were entered on the Court's docket on January 30, 2024. On January 31, 2024, Ms. McCarthy filed a combined "Motion to Request Judicial Intervention in the Extradition of Gabriel Clague, Motion to Notify This Court that an Emergency Motion was Filed in US New York – Southern District and the Second District Appeal for I. Judicial Intervention, II. Habeas Corpus, III. Writ of Mandamus" (ECF No. 17).

The Court must construe the papers filed by Ms. McCarthy liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Ms. McCarthy will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely on the basis of inability to prepay fees or give security therefor. The Consent Motion for Leave to File Amended Complaint (ECF No. 11) will be denied without prejudice. Although Ms. McCarthy alleges in the Consent Motion that she has attached an amended complaint as an exhibit, the Amended Complaint is not attached as an exhibit. Instead, the Amended Complaint is included as part of the Consent Motion for Leave to File Amended Complaint. (*See* ECF No. 11 at pp. 3-7.) If Ms. McCarthy wishes to file an amended complaint, she must comply with all applicable court rules and submit the proposed amended pleading as a separate document.

The Court next will address the motions to restrict public access. (ECF Nos. 8, 9, & 14.) In general, "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings."

D.C.COLO.LCivR 7.2(a). A motion to restrict public access "shall be open to public access" and must:

> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

There is a strong presumption that documents filed in a lawsuit pertinent to a judicial determination should be freely available to the public. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012).

> The presumption of public access recognized and promoted by the local rule finds its root in the common law rights of access to judicial proceedings and to inspect judicial records-rights which are "beyond dispute." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The reason for the presumption of open access to court proceedings is easily understood. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509, 104 S. Ct. 819, 78 L. Ed.2d 629 (1984). The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

*Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010).

Of course, the public's right of access is not absolute. *See United States v. Hickey*, 767

3

F.2d 705, 708 (10th Cir. 1985). The Court has discretion to seal documents if the public's right of access is outweighed by competing interests. *Id.* The Court exercises this discretion in light of the relevant facts and circumstances of the particular case. *Id.* The party seeking to restrict public access "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

> [A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

*Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) (cleaned up).

Ms. McCarthy alleges in the Motion to Seal and Restrict that she is the sole, custodial parent of a disabled, seventeen-year-old child. She also alleges she cannot describe "[t]he specific facts why these records or parts of records should be prevented or limited from public inspection" because "substantial, irreparable harm will result to the minor." (ECF No. 8 at p.1.) Although not entirely clear, Ms. McCarthy apparently asks the Court to restrict public access based on circumstances she will describe after public access is restricted.

The motions to restrict public access will be denied with respect to the Complaint (ECF No. 1) and the Motion to Disclose Action in New York Under Seal (ECF No. 13). Ms. McCarthy fails to "address the interest to be protected and why such interest outweighs the presumption of public access," she fails to "identify a clearly defined and serious injury that would result if access is not restricted," and she fails to "explain why no alternative to

4

restriction is practicable or why only restriction will adequately protect the interest in question." In short, Ms. McCarthy fails to "articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *Helm*, 656 F.3d at 1292. However, the motions to restrict public access will be granted with respect to the exhibits (ECF Nos. 12, 15, & 16) Ms. McCarthy has submitted. Although the exhibits (ECF Nos. 12, 15, & 16) are not attached to any particular filing and it is not clear how the exhibits relate to Ms. McCarthy's claims in this action, some of the exhibits contain unredacted personal information about one or more minors. The Clerk of Court will be directed to change the filing restriction for the exhibits (ECF Nos. 12, 15, & 16) to level 3, which restricts access to the court. Any exhibits Ms. McCarthy may attach to future filings should be properly redacted.

Finally, the combined "Motion to Request Judicial Intervention in the Extradition of Gabriel Clague, Motion to Notify This Court that an Emergency Motion was Filed in US New York – Southern District and the Second District Appeal for I. Judicial Intervention, II. Habeas Corpus, III. Writ of Mandamus" (ECF No. 17) will be denied. It appears that Ms. McCarthy is merely providing notice to this Court of a motion she has filed in the United States District Court for the Southern District of New York seeking to enforce the rights of a crime victim under 18 U.S.C. § 3771. If so, the document is not properly filed as a "motion." If that is not her intent, she fails to allege facts that demonstrate the rights she seeks to assert under 18 U.S.C. § 3771 properly are asserted in this action.

Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or

Costs (Long Form) (ECF No. 10) is GRANTED. It is

FURTHER ORDERED that the Consent Motion for Leave to File Amended Complaint (ECF No. 11) is DENIED without prejudice. It is

FURTHER ORDERED that the motions to restrict public access (ECF Nos. 8, 9, & 14) are DENIED with respect to the Complaint (ECF No. 1) and the Motion to Disclose Action in New York Under Seal (ECF No. 13) and GRANTED with respect to the exhibits (ECF Nos. 12, 15, & 16). It is

FURTHER ORDERD that the Clerk of Court change the filing restriction for the exhibits (ECF Nos. 12, 15, & 16) to level 3. It is

FURTHER ORDERED that the combined "Motion to Request Judicial Intervention in the Extradition of Gabriel Clague, Motion to Notify This Court that an Emergency Motion was Filed in US New York – Southern District and the Second District Appeal for I. Judicial Intervention, II. Habeas Corpus, III. Writ of Mandamus" (ECF No. 17) is DENIED.

DATED February 6, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge