IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00178-SBP

ANA MCCARTHY,

    Plaintiff,

v.

GABRIEL CLAGUE,
SAMANTHA CLAGUE, and
JOHN CLAGUE, et al.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Ana McCarthy, has filed *pro se* a Complaint (ECF No. 1). The Court must construe the Complaint liberally because Ms. McCarthy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Ms. McCarthy will be directed to file an amended complaint if she wishes to pursue any claims in this action.

**I. The Complaint**

    Ms. McCarthy resides in New York and she alleges Defendants are residents of Denver, Colorado. She apparently contends Defendants have violated various federal criminal statutes, including 18 U.S.C. §§ 1028, 1114, 1511, 1591, 1596, 2423(c) & (d), 2251(c), and 2260(a). She also makes conclusory references to libel and slander, credit card fraud, and identity theft. But she does not allege facts that demonstrate she is entitled to relief under the criminal statutes she

cites, and she fails to explain what Defendants did that allegedly violated her rights. Ms. McCarthy also has submitted to the Court on different dates multiple sets of exhibits (ECF Nos. 12, 15, & 16) without explaining how or why the exhibits are related to whatever claims she may be asserting in this action. As relief Ms. McCarthy seeks $150,000,000.00 in damages and extradition of Defendant Gabriel Clague, who allegedly is being protected by Israeli authorities.

## II. Analysis

• **Rule 8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

The Complaint does not comply with the pleading requirements of Rule 8 because Ms. McCarthy fails to provide a short and plain statement of any claim that demonstrates she is entitled to relief. Ms. McCarthy is advised that she cannot recover damages based on alleged violations of criminal statutes that do not provide a private right of action enforceable through a civil action. *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (finding dismissal of claims alleging violations of criminal statutes to be proper if criminal statutes do not provide for a private right of action); *see also Clements v. Chapman*, 189 Fed. App'x 688, 692 (10th Cir. 2006) (affirming dismissal of claims asserting violations of federal criminal statutes because none of the cited federal criminal statutes provide for a private cause of action). Here, Ms. McCarthy fails to identify any criminal statute that provides a private right of action. She also fails to allege specific facts that demonstrate Defendants violated any of the criminal statutes

she cites in the Complaint.

Additionally, to the extent Ms. McCarthy may be seeking criminal prosecution of Defendants for allegedly violating federal criminal law, she lacks standing to assert such claims. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

As noted above, Ms. McCarthy also refers to libel and slander, identity theft, and credit card fraud, but she does not allege any facts that support a cognizable claim for relief.

### III. Conclusion

For these reasons Ms. McCarthy must file an amended complaint if she wishes to pursue any claims in this action. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Ms. McCarthy will be directed to file her amended complaint on the court-approved Complaint form. Ms. McCarthy need not submit exhibits with her amended complaint. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Finally, Ms. McCarthy is advised that she may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in

this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294. Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days from the date of this Order**, an amended complaint on the court-approved Complaint form. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the action may be dismissed without further notice.

DATED March 20, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge