IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00178-LTB-SBP

ANA MCCARTHY,

    Plaintiff,

v.

GABRIEL CLAGUE,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the Court on the Amended Complaint (ECF No. 30)[1] filed *pro se* by Plaintiff, Ana McCarthy, on June 4, 2024. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 32).

The Court must construe the Amended Complaint liberally because Ms. McCarthy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file,

---

[1] "(ECF No. 30)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the Amended Complaint and the action be dismissed.

## I. DISCUSSION

**Background**

Ms. McCarthy apparently lives in New York but she alleges she is a resident of Illinois. She initiated this action by filing pro se a Complaint (ECF No. 1) asserting claims against three Defendants, all of whom she alleged were residents of Colorado. Ms. McCarthy cited a number of federal criminal statutes in the Complaint, including 18 U.S.C. §§ 1028, 1114, 1511, 1591, 1596, 2423(c) & (d), 2251(c), and 2260(a), and she made conclusory references to libel and slander, credit card fraud, and identity theft. But she did not allege facts that demonstrate she is entitled to relief under the cited criminal statutes and she failed to explain what Defendants did that allegedly violated her rights. Ms. McCarthy also submitted to the Court on different dates multiple sets of exhibits (ECF Nos. 12, 15, & 16) without explaining how or why the exhibits are related to whatever claims she was asserting. As relief Ms. McCarthy sought $150,000,000.00 in damages and extradition of Defendant Gabriel Clague, who she alleged was being protected by Israeli authorities.

On March 20, 2024, the Court ordered Ms. McCarthy to file an amended complaint that includes a short and plain statement of each claim she is asserting as required pursuant to Rule 8 of the Federal Rules of Civil Procedure.

On April 12, 2024, Ms. McCarthy filed a Motion to Amend Complaint (ECF No. 25). On April 24, 2024, the Court entered a Minute Order (ECF No. 26) denying the Motion to Amend

Complaint without prejudice because Ms. McCarthy did not tender to the Court an amended complaint. The Court also extended the time for Ms. McCarthy to file an amended complaint until May 20, 2024. On May 22, 2024, the Court entered another Minute Order (ECF No. 29), extending the time for Ms. McCarthy to file an amended complaint a second time until June 3, 2024.

On June 4, 2024, Ms. McCarthy filed an Amended Complaint (ECF No. 30). The Court will consider Ms. McCarthy's claims in the Amended Complaint despite being filed one day late.

**The Amended Complaint**

Ms. McCarthy contends "[t]his action arises from the egregious exploitation and abuse of Plaintiff's daughter, [JRM], a minor with special needs and critical medical conditions, by Defendant Gabriel Clague." (ECF No. 30 at p.1.) According to Ms. McCarthy, Defendant took advantage of JRM's vulnerability and special needs for his own purposes; Defendant engaged in a pattern of harassment that included sending messages to Ms. McCarthy mocking JRM's mental condition, vulnerability, and the family's efforts to seek treatment and protection for JRM; and Defendant has interfered with JRM's ability to receive medical and psychological care. Ms. McCarthy also makes confusing allegations that have no apparent relevance to her claims against Defendant, including allegations about the failure of Israeli authorities to cooperate with her efforts to return to Israel, JRM's lack of insurance and employment in Israel, diplomatic immunity, and reciprocity afforded to children of Israeli diplomats in the United States.

Ms. McCarthy specifically asserts three claims. She contends in claim one that Defendant's "actions constitute exploitation and abuse under applicable federal and state laws, as

well as under the principles of extraterritorial jurisdiction." (ECF No. 30 at p.4.) In claim two Ms. McCarthy asserts a violation of JRM's constitutional right to medical autonomy. Finally, Ms. McCarthy contends in claim three that Defendant has sent taunting messages, and perhaps engaged in other unspecified conduct, that has caused significant emotional distress to both Ms. McCarthy and JRM.

As relief Ms. McCarthy seeks damages, an order compelling JRM's return to her custody, an urgent examination of JRM to assess her need for psychiatric hospitalization and treatment, and an order allowing her to file JRM's medical records and the details of an investigation under seal.

**Standing**

The Court notes initially that Ms. McCarthy lacks standing to assert claims on behalf of her minor daughter. *See* 28 U.S.C. § 1654; *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel). "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (cleaned up).

Ms. McCarthy is not represented by an attorney. Therefore, she may not represent her minor child in this action and the claims Ms. McCarthy asserts on behalf of JRM should be dismissed without prejudice for lack of standing.

**Rule 8**

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Construing the Amended Complaint liberally, Ms. McCarthy may be asserting violations of her own rights in claims one and three. However, she fails to provide a short and plain statement of any claim that demonstrates she is entitled to relief. With respect to claim one, she

does not identify the applicable federal and state laws Defendant allegedly violated and she fails to allege specifically what Defendant did that allegedly violated her rights. Instead, she makes only vague and conclusory allegations about nonspecific exploitation and abuse. Similarly, Ms. McCarthy makes only vague and conclusory allegations about taunting messages and other unspecified conduct in support of claim three.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Because Ms. McCarthy fails to provide a short and plain statement of any claim that demonstrates she is entitled to relief, her claims in the Amended Complaint that assert violations of her own rights (rather than JRM's rights) do not comply with the pleading requirements of Rule 8 and should be dismissed.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the Amended Complaint (ECF No. 30) and the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the reasons discussed in this recommendation.[2]

DATED June 12, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).