IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00178-SBP

ANA MCCARTHY,

    Plaintiff,

v.

GABRIEL CLAGUE,

    Defendant.

---

ORDER DENYING MOTION

---

This matter is before the Court on the Memorandum of Law in Support of Emergency Motion for Judicial Intervention Regarding Passport Issuance for Minor Child (ECF No. 35) filed *pro se* by Plaintiff on June 14, 2024. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

In her amended complaint filed on June 4, 2024, Plaintiff contends that "[t]his action arises from the egregious exploitation and abuse of Plaintiff's daughter, [JRM], a minor with special needs and critical medical conditions, by Defendant Gabriel Clague." (ECF No. 30 at p.1.) According to Plaintiff, Defendant took advantage of JRM's vulnerability and special needs for his own purposes; Defendant engaged in a pattern of

1

harassment that included sending messages to Plaintiff mocking JRM's mental condition, vulnerability, and the family's efforts to seek treatment and protection for JRM; and Defendant has interfered with JRM's ability to receive medical and psychological care. Plaintiff also makes confusing allegations that have no apparent relevance to her claims against Defendant, including allegations about the failure of Israeli authorities to cooperate with her efforts to return to Israel, JRM's lack of insurance and employment in Israel, diplomatic immunity, and reciprocity afforded to children of Israeli diplomats in the United States.

Plaintiff specifically asserts three claims in her amended complaint. She contends in claim one that Defendant's "actions constitute exploitation and abuse under applicable federal and state laws, as well as under the principles of extraterritorial jurisdiction." (ECF No. 30 at p.4.) In claim two Plaintiff asserts a violation of JRM's constitutional right to medical autonomy. Finally, Plaintiff contends in claim three that Defendant has sent taunting messages, and perhaps engaged in other unspecified conduct, that has caused significant emotional distress to both Plaintiff and JRM. As relief Plaintiff seeks damages, an order compelling JRM's return to her custody, an urgent examination of JRM to assess her need for psychiatric hospitalization and treatment, and an order allowing her to file JRM's medical records and the details of an investigation under seal.

On June 12, 2024, Magistrate Judge Susan Prose issued a Recommendation of United States Magistrate Judge (ECF No. 33), recommending that the amended complaint and the action be dismissed.

It does not appear that the Memorandum of Law in Support of Emergency Motion for Judicial Intervention Regarding Passport Issuance for Minor Child (ECF No. 35) relates to Plaintiff's claims against Defendant in the amended complaint in any way. Instead, Plaintiff asks the Court "to prevent the U.S. Embassy in Jerusalem from making any decisions or taking any actions regarding the issuance of a passport for the minor child, [JRM], until such matters are properly adjudicated by the courts." (ECF No. 35 at p.9.)

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) she will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)).

The Court "has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). In other words, the Court cannot issue an order against individuals or entities who are not parties to the lawsuit. *See id.* ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party . . ."); *see also Zepeda v. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff fails to allege facts that demonstrate she is entitled to a preliminary injunction or temporary restraining order. Most importantly, Plaintiff seeks emergency injunctive relief from a non-party. Accordingly, it is

ORDERED that the Memorandum of Law in Support of Emergency Motion for Judicial Intervention Regarding Passport Issuance for Minor Child (ECF No. 35) is denied.

DATED at Denver, Colorado, this  17th  day of     June    , 2024.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court