B"H

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:30 pm, Jul 22, 2024
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Ana McCarthy,
Plaintiff,
v.
Gabriel Clague,
Defendant.

Civil Action No. 24-cv-00178-LTB-SBP

# EMERGENCY MOTION
# MOTION TO RECONSIDER

Plaintiff, Ana McCarthy, pro-se, respectfully moves this Court to reconsider its previous decisions and orders in this case. In support of this motion, Plaintiff states as follows:

1. Fundamental Right of Parents: The fundamental right of parents to make decisions concerning the care, custody, and control of their children is protected under the Constitution, as recognized in Troxel v. Granville, 530 U.S. 57 (2000). This right underscores the ability of parents to seek legal remedies to regain custody of their children, even without legal representation.

2. Pro Se Representation: In Allen v. Mattingly, 2008, E.D.N.Y., 08-CV-02003 (SJF) (LB), the court dismissed with prejudice the plaintiffs' claims seeking to regain custody of their son for lack of subject matter jurisdiction, highlighting the challenges parents might face in pro se representation. Although, the ability of the sole surviving parent of a disabled child to represent themselves (pro se) in legal actions pertaining to the custody of a child that went missing in a foreign country, where the sole parent does not enjoy, citizenship, does not enjoy knowledge of the language or the legal system, and where the minor is being abused, left on the streets, deemed "crazy". Plaintiff is not a citizen of Israel, a country (at war).

Claiming custody does not exempt Plaintiff from representing her minor daughter. Plaintiff is in compliance with relevant rules of procedural and substantive law, therefore giving Plaintiff the right to represent the case prose and to request judicial intervention of the authorities in matters of child abduction under the US Constitution and Equal Protection of the Law.

B"H

3. Custody Modifications: The case of S.M. v. R.M., 2014, D.C., 92 A.3d 1128, emphasizes that consent to custody arrangements must be knowing and intelligent, and that the statutory parental presumption applies unless properly rebutted or waived… This asserts the Constitutional Right to Due Process. Plaintiff has not waive her parental rights to anyone and RJM's is incapable of making her own decisions.

Rather, Plaintiff found out that Dorit Helmer and Roi Helmer, both Israelis residing in Illinois (Roi has claimed he is mental incompetent -runs around naked, perhaps to avoid Israel's call to service/draft), without knowing Gabriel Clague, made arrangements for RJM to be removed from the custody of Plaintiff without due process. Both placed RJM with their friends/ contact, then conveniently forced RJM to work for $32 a week, below minimum wage and Illegal in Israel, then misrepresented themselves to the authorities in Panama, Israel, and the United States (New York, and Illinois), falsely stating that Rachel was under the custody of the State of Israel and receiving proper medical care, and attending school. Furthermore, engaging a third party to make the false allegations that they are a State agency, holding proper custody of Rachel, and were granted "custody" of Rachel by an Israeli Court. The State of Israel denies the vilifying allegations of Dorit and Roi Helmer and the allegations against their authorities and ministers (Yaácob Margi). The State of Israel has not held any proceedings to remove RJM nevertheless without due process of the law. The State of Israel have consistently requested Plaintiff evidence that her daughter is in Israel and have requested her location. Then, who is concealing RJM and did they tried to get RJM to a foreign country? Both Dorit and Roi Helmer know that RJM is disabled. (The McCarthys' know the Helmers since 2011. Children attended grade school. Dorit Helmer has express dislike of the friendship between the (hispanic) McCarthy's and her children. On various occasions, the Helmers' have falsely accused the McCarthy (4) children of stealing their credit cards, even calling the Skokie Police, this after the one of the McCarthy's babysat for them all day without pay. It happens that a member of the family was stealing the credit card, purchasing Apple computers, then calling the police and blaming the McCarthy's).

Rachel is being slaved in Israel and the Helmer's draconian actions, concealed it, laughing, and entertaining an investigator for the Rep. of Panama who questioned them and

B"H

recorded them. (Dorit and Roi Helmer are fluent in Hebrew, then spoke to Plaintiff and blackmailed Plaintiff with a quid pro quo offer and in exchanged for the returning of her daughter, while grooming RJM to lie.) These accrues to criminal actions.

4. Parental Rights in Custody Proceedings: Meinders v. Middleton, 2019, Ky., 572 S.W.3d 52, highlights that direct participation in a child custody proceeding demonstrating a parent's desire to regain custody is sufficient to toll statutory time requirements. In this case, it is not my (late) husband taking my child, but a person who have known the child, whose daughter have been RJM's "friend" since 2010, then took advantage of the child's trust.

5. International Child Abduction: The Hague Convention on the Civil Aspects of International Child Abduction aims to ensure the prompt return of children wrongfully removed to or retained in any signatory state. Israel is a signatory state and under Rule (28) 35, a disabled child falls under the Convention. This international treaty seeks to discourage anyone from crossing international borders in search of a more sympathetic forum to litigate custody issues. Plaintiff has been in Israel, The Hague, Germany, France, Switzerland, Austria, Poland, Argentina's Embassy, Panama's embassy, Mexico's Embassy looking for her child.

6. ICARA: The International Child Abduction Remedies Act (ICARA), which implements the Hague Convention in the United States, provides a legal mechanism for parents to seek the return of abducted children. Israel promised to bring RJM to my custody.

7. Relevant Case Law: Cases such as In re Marriage of Krol, 2015, Ill. App. Ct., Docket No. 1-14-0976, and In re the Marriage of Jeffers, 1999, Colo. App., 992 P.2d 686, emphasize the importance of determining the child's habitual residence and the rights of custody under the Hague Convention.

8. Continuous Residency: Plaintiff has been a continuous resident of the State of Illinois since 1993. She holds an Illinois driver's license, her car has an Illinois license plate, she maintains a

B"H

storage in Illinois.. Plaintiff's relatives maintain her apartment in New York, where a person receives correspondence on her behalf.

9. Relevance of Submitted Items: All items presented by Plaintiff are relevant. Plaintiff has the right to file pro se and to assert her right of custody under medical autonomy. The only person who can make decisions on behalf of Rachel is Plaintiff, who has presented ample evidence that Rachel J. McCarthy has a medical condition diagnosed by her physicians: both neurosurgeons and she requires medical care and the consideration of her mental condition.

10. Violation of Medical Autonomy: Based on the exhibits, "Cherry," an employee of the U.S. Embassy, stated that Rachel J. McCarthy was okay. Cherry does not have the right to make such a determination. Only the custodial parent, who is trying to exercise custody and is the only person with medical records on the child, can make that claim. Plaintiff has presented evidence that Rachel requires medical attention and care that only she, as the custodial parent, can authorize. (Exhibit "A")

11. Breach of Promised Rights: Plaintiff falls under Title 18, Section 1114, due to the duties of her (late) husband.

12. The New Information and Additional Claims: Plaintiff's new information regarding the mistreatment of Rachel by Dorit Helmer and Roi Helmer. They have revealed how they made arrangements for Rachel to be placed in a home where she has been exploited, earning only $32 per week for her work for their friends, which accrues to charges in Israel. As the custodial parent, Ms. McCarthy has the right to stop this exploitation. Rachel cannot make decisions on her behalf due to her disability, and no Court has the right to remove her child without due process. Rachel did not even know that being employed for $32 a week was wrong, showing her vulnerability and need for protection. RJM has shown such behavior prior and this could have been triggered by Gabriel Clague pressing a child that if she did not stay with him, he was going to commit suicide and kill Plaintiff.

13.

B"H

14. Comparison to Diplomatic Immunity: Imagine if the daughter of an Israeli diplomat was taken while the family was on vacation in the United States; this would have made headlines. However, Plaintiff is just a surviving spouse. She has been gagged and not allowed to enter Israel.(Exhibit "B"), something that Plaintiff have withheld from this Court, to avoid repercussions against her child who is not a citizen of Israel, does not speak the language, and has no rights in Israel.

LOPER BRIGHT ENTERPRISES ET AL. v. RAIMONDO, SECRETARY OF COMMERCE, ET AL.: The Supreme Court decision clarified the limits of administrative agencies' authority, affecting, and other agencies involved in the Plaintiff's case. Therefore the reason, she asserted that the US Embassy can't not make decision on behalf of Plaintiff as they are not the keeper of records.

Murthy vs. Missouri: This case underscores issues of medical autonomy, supporting the Plaintiff's argument that the United States State Department who lacks authority to make legal decisions on behalf of her minor child without due process. The Plaintiff holds the right to make informed medical decisions for RJM, as the holder of medical records and also to request civility and avoid retaliatory actions from government agencies as she exercises her rights.

5 U.S.C. § 2302 (Prohibited Personnel Practices): This statute prohibits actions that violate laws, including withholding RJM in Israel or making medical decisions for RJM without the Plaintiff's consent. Stanley vs. Illinois supports the Plaintiff's fitness as a parent

Conclusion: Given the above points, Plaintiff respectfully requests that this Court reconsider its previous decisions and orders in this case. The Plaintiff has the right to assert custody over her child and make medical decisions on her behalf. The exhibits and evidence presented are relevant and demonstrate the need for the Court to protect Rachel's rights and well-being.

Respectfully submitted,

B"H

Date: June 21, 2024

/s/ Ana McCarthy
Ana McCarthy
A resident of Illinois
209 Spencer Street
Apt. 2C
Brooklyn, NY 11205
+1 (312) 888-1002
Fax +1 (973) 834-8752
anamccarthy1@gmail.com

B"H

CERTIFICATE OF ATTEMPTED SERVICE

I hereby certify that on the 24th day of February, 2024, a true and correct copy of a motion was served via priority mail to Defendant at 5052 South Xenia Street, Denver, Colorado 80237, and was filed with the Court. The attempted service has three handwritten entries:
1. "Return to Sender",
2. "Return", and
3. "Return to Sender".

It is unclear who made the entry and/or if the mailed service was selected to be returned or if Defendant's mail is being forwarded to another address.

Date: June 21, 2024.

/s/ Ana McCarthy
Ana McCarthy
A resident of Illinois
209 Spencer Street
Apt. 2C
Brooklyn, NY 11205
+1 (312) 888-1002
Fax +1 (973) 834-8752
anamccarthy1@gmail.com